ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| ÁNGEL RUIZ MORALES IV<br><br>RECURRIDO<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE<br><br>PETICIONARIOS | KLCE202300509 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Número: A1CI201800790<br><br>Sobre: Reclamación de salario |

Panel integrado por su presidenta, la Juez Ortiz Flores, la Juez Brignoni Mártir y el Juez Candelaria Rosa

Ortiz Flores, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de junio de 2023.

Comparece Hewlett Packard Enterprise, (Hewlett Packard; demandada; peticionaria), mediante *Petición de certiorari*, presentada el 5 de mayo de 2023. Nos solicita la revocación de una *Resolución y orden* emitida el 4 y notificada el 5 de abril de 2023 por el Tribunal de Primera Instancia, Sala de Aguadilla (TPI), que concedió un término adicional de 10 días al señor Ángel Ruíz Morales (Sr. Ruíz; demandante; recurrido) para que acredite la entrega de ciertos documentos e "informe si existe alguna prueba por descubrir como parte del deber continuo de informar y la descubra"[1] y un término de "20 días finales a las partes [Sr. Ruíz y Hewlett Packard] para que informen la fecha de la continuación de la deposición del perito de la parte demandante."[2]

Adelantamos que se deniega la expedición del auto de *certiorari*.

**I**

El Sr. Ruíz presentó ante el TPI, el 3 de octubre de 2018, una demanda contra Hewlett Packard sobre discrimen por condición de salud, represalias, reclamación de salarios, y despido injustificado al amparo de

---

[1] Apéndice del recurso, pág. 5
[2] *Id.*

Número Identificador
RES2023_____

la Ley núm. 80.[3] El 12 de diciembre de 2018 se presentó la *Contestación a la demanda*.[4]

El 28 de marzo de 2023, luego de varios trámites y gestiones de descubrimiento de prueba, las partes comparecieron a una toma de deposición del doctor Víctor Lladó, un testigo perito anunciado por el Sr. Ruíz. La toma de deposición tuvo que detenerse. Ese mismo día, el demandante y recurrido presentó la *Moción urgente informativa, Solicitud de Orden y Señalamiento de Vista*[5] presentada ese mismo día, en la que expuso que ciertos documentos le fueron solicitados al Dr. Lladó en la deposición, y este respondió que no trajo expediente, y se informó por la representación legal del demandante que los documentois reclamados en la deposición por la parte demandada ya se le habían entregado durante el descubrimiento de prueba.[6] Por su parte, el 30 de marzo de 2023, la parte demandada y peticionaria, presentó la *Moción urgente en solcitud de descalificación de abogada; solicitando sanciones por reiterada violación al proceso de descubrimiento de prueba; y oposición a "Moción urgente informativa, solicitud de orden y señalamiento de vista*[7] en la que expone reclamos sobre la representación legal de la parte recurrida y también solicita la eliminación de la prueba pericial de esa parte. El TPI, en atención a las mociones antes citadas de ambas partes emitió el 4 de abril de 2023 una *Resolución y orden*[8] notificada el 5 de abril de 2023,[9] en la que dispone lo siguiente:

> Como parte del trámite procesal de la deposición, el tribunal emitió una orden el 24 de marzo de 2023, ordenando a la parte demandante que los documentos solicitados por la parte demandada fueran provistos en la deposición. Sin embargo, debemos aclarar que dicha orden se refería a documentos que no hubieran sido descubiertos y que no obraran, el expediente del demandado y que estuvieran en posesión del perito. El tribunal entiende que no existe razón legal y el demandado no ha provisto ninguna, para ordenar un doble descubrimiento de los mismos documentos.

---

[3] Apéndice del recurso, págs. 68-90.
[4] Apéndice del recurso, págs. 99-126
[5] Apéndice del recurso, págs. 153-155.
[6] Apéndice del recurso, págs. 153-155.
[7] Apéndice del recurso, págs. 7-18.
[8] Apéndice del recurso, págs. 3-6.
[9] Apéndice del recurso, págs. 1-2.

Resulta evidente que, si el perito no tiene los documentos en su posesión, no puede entregar lo que no existe.

Evaluada la tra[n]scripción de la deposición, resulta meridanamente claro, que lo que solicitó la parte demandada, no eran documentos nuevos que no le hubieran sido descubiertos, sino que su requerimiento iba dirigido a que el perito llevara copia de los documentos que ya le habían sido descubiertos, por la parte demandante para el corroborar que fueran los mismos. En más de una ocasión la representación legal de la parte demandada, parece expresar que su deseo era corroborar los documentos que ya obran en su expediente, contra los que se le enviaron al perito.

A base de lo anterior, tenemos que concluir que se pretendió un doble descubrimiento de dos fuentes distintas, la parte demandante y el perito. Suponiendo para efectos de la discusión, que eso procediera como cuestión de derecho, el punto es académico, porque en múltiples ocasiones y de manera categórica, el perito le informó que no tenia expediente físico de ese peritaje ni de los documentos solicitados; y que su único acceso a esos documentos era mediante un enlace a una carpeta compartida electrónica conocida como "DropBox" que le fue enviada y es controlada por la parte demandante.

Es importante señalar que en varias ocasiones la representación legal de la parte demandante le informó que le enviarían el enlace electrónico del "Dropbox", para que pudiera corroborar que los documentos allí contenidos eran los mismos que ya se le habían descubierto, (como cuestión de realidad una carpeta de "DropBox" puede ser editada por su dueño en cualquier momento) pero el demandado no lo aceptó. No vemos fundamento de derecho alguno, por el cual el demandado tiene derecho a tener acceso a la carpeta de "Dropbox" que comparte la parte demandante y el perito.

Atendidos los asuntos, en cuanto a que la representación legal de la parte demandante iriteractuara con su perito, contratado por ella, anunciado como su testigo e identificado con dicha parte y le informara que no era necesario llevar prueba documental a la deposición, porque todos los documentos solicitados ya habían sido descubiertos, o serían entregados electrónicamente; determinamos que no existe razón alguna para la descalificación de la Lcda. Ruiz. Con relación a la referencia hecha por el perito, en cuanto a los documentos examinados por él recientemente, como parte de una evaluación pericial continua, resulta obvio que la descalificación de la representación legal de la parte demandante no procede por ese fundamento.

Por todo lo antes discutido, se conceden 5 días al demandado para que especifique clara e inequívocamente, mediante una lista numerada que documento si alguno, de los que surgen del informe del perito no le ha sido descubierto por la parte demandante. La descripción debe establecer categóricamente la identidad del documento que se solicita. De no surgir claramente la identidad del documento solicitado, no se autorizará el descubrimiento.

El tribunal resuelve que el demandado no tiene derecho a un doble descubrimiento sobre dichos documentos. Se conceden 10 días adicionales a la parte demandante para que acredite haber entregado dichos documentos o los descubra, e informe si existe alguna prueba nueva por descubrir como parte del deber continuo de informar y la descubra.

Además, se conceden 20 días finales a las partes para que informen la fecha de la continuación de la deposición del perito de la parte demandante. De la transcripción no surge fundamento alguno que diera base a que el demandado detuviera unilateralmente la deposición. Se advierte que, volver a tener una deposición bajo estas condiciones, tendrá el efecto de que el tribunal de por renunciado el derecho a deponer al perito.[10]

Inconforme, la peticionaria presentó el recurso de *certiorari* del título en el que expone los siguientes señalamientos de errores:

PRIMER ERROR: Erró el Tribunal de Primera Instancia al no descalificar a la Lcda. Amy Ruíz Goyco como abogada de la parte recurrida ni referir al Tribunal Supremo para evaluación de su conducta ética, por haber intervenido con el perito testigo instruyéndole no entregar prueba ordenada por el Tribunal.

SEGUNDO ERROR: Erró el Tribunal de Primera Instancia al no sancionar a la parte demandante, Sr. Ángel Ruíz, ni desestimar la demanda como sanción por su incumplimiento reiterado con las órdenes del Tribunal.

TERCER ERROR: Erró el Tribunal de Primera Instancia al no eliminar el testimonió del perito, Dr. Víctor Lladó, como sanción por el incumplimiento reiterado con las órdenes del Tribunal.

CUARTO ERROR: Erró el Tribunal de Primera Instancia al no descalificar al testigo, Dr. Víctor Lladó, como perito a pesar de haberse comunicado con la parte recurrida, sin informarlo ni pretender entregar los documentos que el fueran entregado[s] en relación con dicha comunicación.

Posteriormente, el 28 de junio de 2023, Hewlett Packard presentó una *Moción informativa* en el recurso que nos ocupa en la que retiró el primer señalamiento por haberse tornado académico, porque los representantes legales de la peticionaria (Lcda. Ruíz y Lcdo. López) presentaron una *Moción de renuncia de representación legal*, la que fue declarada ha lugar por el TPI mediante la orden emitida el 31 de mayo de 2023 y notificada el 2 de junio de 2023.

---

[10] Apéndice del recurso, págs.4-6.

Al presente, no ha comparecido el recurrido. Conforme a lo dispuesto en la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5), mediante la cual este foro revisor puede "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos", ello "con el propósito de lograr su más justo y eficiente despacho", resolvemos sin la comparecencia de la parte recurrida.

**II**

El auto de *certiorari* es el vehículo procesal extraordinario "que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior." *IG Builders v. BBVAPR*, 185 DPR 307, 337-338 (2012), que cita a *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). Se trata de un recurso discrecional, para el cual existen unos parámetros que sirven de guía al momento de decidir si debemos expedir o denegar el auto. *IG Builders v. BBVAPR*, *supra*. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1 (Regla 52.1).

La Regla 52.1 dispone lo siguiente:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. […]

De acuerdo con la anterior disposición legal y la jurisprudencia interpretativa, nos corresponde realizar un análisis dual para determinar si

se expide o no un auto de *certiorari.* Este examen consta de una parte objetiva y otra parte subjetiva. Por ello, en primer lugar, tenemos que analizar si la materia contenida en el recurso de *certiorari* tiene cabida dentro de una de las materias específicas establecidas en la Regla 52.1, toda vez que esta enumera taxativamente bajo qué materias, solamente, se podrá expedir el auto de *certiorari*. En aquellos en los que la materia no esté comprendida dentro de la regla, el tribunal revisor debe negarse a expedir el auto de *certiorari* automáticamente.

Superada esta etapa, corresponde analizar si bajo la discreción concedida a este tribunal revisor mediante la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40 (Regla 40), debemos o no expedir el auto de *certiorari*. A esos fines, la Regla 40 establece los criterios que debemos tomar en consideración para determinar si expedimos o no un auto de *certiorari*, como sigue:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

A su vez, los foros apelativos "no debemos intervenir con el ejercicio de la discreción de los foros de instancia, salvo que se demuestre que hubo un craso abuso de discreción, perjuicio, error manifiesto o parcialidad." *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), que cita a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Asimismo, con relación a determinaciones interlocutorias discrecionales procesales, no debemos sustituir nuestro criterio por el ejercicio de discreción del tribunal de instancia, "salvo cuando dicho foro

haya incurrido en arbitrariedad o craso abuso de discreción." *Meléndez v. Caribbean Int´l News*, 151 DPR 649, 664 (2000).

Finalmente, es norma reiterada que al denegar la expedición de un auto de *certiorari* de acuerdo con la Regla 52.1, este Tribunal no tiene que fundamentar su decisión.

**III**

Según señalamos antes, al determinar si debemos expedir o no el auto discrecional de *certiorari*, en primer lugar, nos corresponde determinar si la materia planteada está contemplada entre los supuestos de la Regla 52.1 de Procedimiento Civil. La contestación a dicha interrogante es en la negativa, ya que se recurre de una orden sobre el descubrimiento de prueba. Por otro lado, al examinar el recurso de *certiorari* del título, así como los documentos adjuntados al mismo, somos del criterio que no se justifica nuestra intervención, pues no vemos que, en el manejo del caso ante el TPI, se haya incurrido en un abuso de discreción o que este haya actuado bajo prejuicio o parcialidad. Tampoco se demostró que, el foro recurrido se haya equivocado en la interpretación o aplicación de una norma procesal y que, intervenir en esta etapa, evitaría un perjuicio sustancial contra la parte peticionaria. Por consiguiente, no se nos persuadió sobre la deseabilidad de intervenir en esta etapa de los procedimientos.[11]

**IV**

Por lo antes expuesto, este Tribunal deniega la expedición del auto de *certiorari*.

Notifíquese.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[11] *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).